IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| WILLIAM McKINZIE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>LATOYA HUGHES, in her individual capacity and official capacity as the Director of the Illinois Department of Corrections,<br><br>    Defendant. | No. 24-cv- 50363 |

## COMPLAINT

Plaintiff William McKinzie, individually and on behalf of all others similarly situated, through counsel, brings this action against Defendant Latoya Hughes in her individual capacity and her official capacity as the Director of the Illinois Department of Corrections, and alleges as follows:

**Nature of the Case**

1. Plaintiff William McKinzie is imprisoned in the Illinois Department of Corrections ("IDOC") and has been convicted of aggravated arson. He completed his court-ordered sentence of incarceration on January 30, 2024, and has been statutorily entitled to release from prison onto Mandatory Supervised Release ("MSR") since that date.

2. Pursuant to IDOC policy, all prisoners must identify a "host site" (*i.e.*, a residential address) at which to reside while on MSR. The Department will not

release imprisoned persons on to MSR unless and until they identify a host site that meets Department approval.

3. Plaintiff remains imprisoned because he is unable to obtain housing that meets the approval of the IDOC. At this time, there are no halfway houses in the state that will accept an individual with an arson conviction. McKinzie is indigent and cannot obtain his own housing outside of prison.

4. Plaintiff contends that the IDOC's policy and practice of refusing to release individuals who have completed their terms of imprisonment and been approved by the Prisoner Review Board ("PRB") for release on to MSR but cannot obtain housing violates the Eighth and Fourteenth Amendments and seeks an injunction prohibiting the Department from continuing to enforce this policy.

5. There are at least two potential ways for the IDOC to meet its constitutional obligations to release persons who have completed their court-ordered terms of imprisonment: (1) release persons on MSR who cannot afford housing into homelessness; or (2) create transitional housing for persons on MSR who cannot afford housing.

## Jurisdiction and Venue

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§1331 and 2201.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## The Parties

8. Defendant Hughes is sued in her official capacity as Director of the Illinois Department of Corrections for injunctive relief. In her capacity as the director of IDOC, Hughes has final authority to set the Department of Corrections' policies with regard to MSR and host sites. Plaintiff McKinzie also sues Defendant Hughes in her individual capacity for compensatory damages.

9. Plaintiff McKinzie is 44 years old. He is currently imprisoned in Dixon Correctional Center eight months beyond the time he was sentenced to serve because he is unable to secure an approved host site.

10. Plaintiff McKinzie seeks to represent a class of all individuals with arson convictions who are being detained in prison beyond the time they were sentenced to serve because they cannot obtain a host site at which to live while on MSR.

## Relevant Legal Background

11. Courts in this district have held in three different cases that it is unconstitutional to hold an individual in prison beyond the time he was sentenced to serve solely because he cannot afford to obtain a host site that meets Department approval.

12. The plaintiffs in *Murphy v. Raoul,* 16-cv-11471, challenged the constitutionality of the "host site" requirement as it was being applied to individuals with sex offense convictions sentenced to "three years to life" on MSR. A court in this district certified the case as a class action and on March 31, 2019, granted summary judgment on the plaintiffs' claim that the IDOC's host-site

requirement violates the Equal Protection Clause and the Eighth Amendment because the continued imprisonment of individuals who are unable to afford housing "punish[es] the plaintiffs for their indigency and homelessness, matters totally beyond their control." *Murphy v. Raoul*, 380 F. Supp. 3d 731, 756 (N.D. Ill. 2019). Pursuant to a permanent injunction entered in *Murphy*, the Department created a transitional housing program called the Intensive Community Reintegration Program ("ICRP") for persons with sex offense convictions so that members of the class would not be detained in prison beyond the completion of their court-ordered sentence of imprisonment due to an inability to meet the host site requirement.

13. The plaintiffs in *Barnes v. Jeffreys*, 20-cv-2137, challenged the constitutionality of the "One-Per-Address Statute," 730 ILCS 5/3-3-7(a)(7.6), a section of the Illinois Code of Corrections which requires individuals on MSR for sex offenses to "refrain from residing at the same address … with another person he or she knows or reasonably should know is a convicted sex offender." A court in this district certified the case as a class action and on March 26, 2021, granted summary judgment on the plaintiffs' claim that the One-Per-Address Statute violates the Equal Protection Clause and the Eighth Amendment. The Court found that the One-Per-Address Statute put off limits "affordable housing units and residential rehabilitative programs willing and capable of accepting sex offenders" and found that the plaintiffs' "failure to procure an acceptable host site is involuntary conduct

inseparable from their indigent or homeless status." *Barnes v. Jeffreys*, 529 F. Supp. 3d 784 (N.D. Ill. 2021).

14. Finally, the plaintiffs in *Stone v. Jeffreys*, 21-cv-5616, challenged the constitutionality of the "host site" requirement as applied to individuals with sex offense convictions sentenced to determinate periods of MSR. Again, a court in this district certified the case as a class action and on August 30, 2022, granted the plaintiffs a preliminary injunction. *Stone v. Jeffreys*, No. 21 C 5616, 2022 U.S. Dist. LEXIS 180228 (N.D. Ill. Aug. 30, 2022). Pursuant to this injunction, the Department expanded the ICRP to ensure members of the *Stone* class would not be detained in prison beyond the completion of their court-ordered sentence of imprisonment due to an inability to meet the host site requirement.

15. Based on the decisions in *Murphy*, *Barnes*, and *Stone*, Defendant Hughes knows or should know that it violates the constitution to imprison people beyond the time they are sentenced to serve solely because they are unable to obtain housing. Nonetheless, the IDOC still maintains a policy of refusing to release from custody individuals who cannot obtain their own host sites when halfway house placements are unavailable.

**Facts Relevant to Plaintiff William McKinzie**

16. Plaintiff William McKinzie (IDOC No. K69631) is currently imprisoned at Dixon Correctional Center. He was convicted in 2012 of aggravated arson and attempted murder and sentenced to serve six years in the IDOC. In 2014 he was

5

convicted of aggravated battery to a peace officer and sentenced to serve an additional three years in the IDOC.

17. With statutory sentence credits, Mr. McKinzie completed his sentence of incarceration and was deemed eligible to be released onto MSR by the Prisoner Review Board on January 30, 2024.

18. Mr. McKinzie remains imprisoned because he is unable to meet the host site requirement. Mr. McKinzie is indigent. He has no family members who are willing or able to assist him with obtaining housing. Due to his inability to secure housing, he will be forced to remain in prison until he "maxes out" his MSR term (*i.e.*, serves the entirety of his MSR period in prison) on August 18, 2026.

19. Pursuant to Department policy, if an imprisoned person is unable to obtain housing, the Department's Parole Re-Entry Group is supposed to help the person develop a housing plan, such as placement in a halfway house. Mr. McKinzie has asked the Parole Re-Entry Group to help find him a halfway house.

20. To date, the Parole Re-Entry Group has been unable to identify a halfway house for Mr. McKinzie. IDOC officials in the Field Services Department at Dixon Correctional Center have told Mr. McKinzie that there are currently no halfway house placements for individuals with arson convictions. According to Field Services employees, halfway houses have a right to reject persons with arson convictions.

21. Mr. McKinzie does not want to remain in prison during his MSR term and seeks release to the community to complete his period of supervision, even if he is homeless upon release.

## Class Allegations

22. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action for purposes of equitable relief on behalf of a class defined as follows.

- All individuals currently or in the future detained in the Illinois Department of Corrections with arson convictions who have completed their sentences of incarceration and are entitled to release from prison onto MSR, but remain imprisoned because they are unable to secure an approved host site at which to live while on MSR.

23. The class seeks a declaration that the IDOC's policy of continuing to imprison individuals who cannot obtain housing violates the Eighth and Fourteenth Amendments and an injunction prohibiting Defendant from continuing to enforce the policy.

24. The proposed class is numerous. It includes all persons with arson convictions who are currently imprisoned in IDOC beyond the time they were sentenced to serve because they are unable to secure a host site and all individuals with arson convictions who will be detained in IDOC past their release dates in the future due to their inability to secure housing.

25. There are questions of law and fact common to all class members, including but not limited to the following:

- What are the IDOC's rationales for refusing to release persons who are unable to secure housing upon their being approved by the PRB for release on to MSR;

- Whether there is any compelling interest served by the IDOC's policy of refusing to release persons who cannot obtain housing onto MSR;

- Whether the policy and practice of refusing to release on to MSR persons who are unable to obtain housing violates the Eighth and/or Fourteenth Amendments.

26. All individuals falling within the class definition are subject to the same IDOC policy regarding the host site requirement. Given the commonality of the questions pertinent to all class members, a single judgment would provide relief to each member of the class.

27. The named Plaintiff will fairly and adequately represent the interests of the class. He is currently subjected to the challenged policy and is committed to seeing this litigation through on behalf of all persons who are currently or will in the future be subjected to the same policy. The named Plaintiff's claims are typical of the claims of all members of the proposed class.

28. Plaintiffs' counsel has extensive experience and has devoted substantial professional and financial resources to representing individuals in cases involving the same type of claim raised here—namely, the *Murphy*, *Barnes*, and *Stone* class actions. Plaintiff's counsel will fairly and adequately represent the interests of the class.

**COUNT I**
**42 U.S.C. §1983 – Eighth Amendment**

29. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

30. In *Murphy v. Raoul*, 380 F. Supp. 3d 731, 738 (N.D. Ill. 2019), the Court concluded that it violates the Equal Protection Clause and the Eighth Amendment

to incarcerate individuals beyond the completion of their prison sentences solely because they cannot meet the host-site requirement, holding as follows:

> At the very heart of the liberty secured by the separation of powers is freedom from indefinite imprisonment by executive decree. [Defendants'] current application of the host site requirement results in the continued deprivation of the plaintiffs' fundamental rights and therefore contravenes the Eighth and Fourteenth Amendments to the Constitution of the United States.

31. Plaintiff and the members of the proposed class he seeks to represent are similarly situated to the members of the *Murphy* class.

32. As in *Murphy*, the continued imprisonment of the Plaintiff and the members of the proposed class is not a consequence of their underlying offenses but of their indigent or homeless status, conditions wholly beyond their control.

## COUNT II
## 42 U.S.C. §1983 – Fourteenth Amendment

33. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

34. The IDOC's policy and practice of refusing to release from custody persons who cannot meet the "host site" requirement after they have completed their sentences of incarceration violates the Fourteenth Amendment in at least two ways:

- It violates the Equal Protection Clause because it creates an illegal classification based on wealth which deprives Plaintiff and others similarly situated of their liberty as a result of their indigency; and

- It violates substantive due process because it deprives Plaintiff and others similarly situated of a fundamental right—*i.e.*, their freedom from bodily restraint—and is not narrowly tailored to serve state interests.

9

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. Enter judgment declaring that the IDOC's policy and practice of refusing to release persons from prison solely because they are unable to meet the host-site requirement violates the Eighth and Fourteenth Amendments;

B. Enter a permanent injunction prohibiting Defendant from continuing to enforce the policy;

C. Award compensatory damages to Plaintiff William McKinzie for the harm he has suffered as a result of Defendant's unlawful policy;

D. Enter judgment for reasonable attorneys' fees and costs incurred in bringing this action; and

E. Grant Plaintiff any other relief as law and justice demand.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net